Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7035 | **DATE** | 3/23/2004 |
| **CASE TITLE** | Andrews vs. McAdory | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons set forth on the attached Memorandum Opinion and Order, respondent's motion to dismiss Andrews' petition for a writ of habeas corpus as time-barred (Document #10) is granted. Clerk of Court is directed to terminated all pending motions.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 2 5 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 25 |
| | Mail AO 450 form. | | Docketing deputy initials | |
| | Copy to judge/magistrate judge. | | MAR 2 5 2004 | |
| | | | date mailed notice | |
| OR | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States of America *ex rel.* WILLIE LEE ANDREWS, <br><br> Petitioner, <br><br> vs. <br><br> EUGENE McADORY, Warden, Menard Correctional Center, <br><br> Respondent. | Case No. 03 C 7035 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Willie Andrews has petitioned the Court for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent argues that the Court should dismiss the petition as untimely pursuant to 28 U.S.C. §2244(d)(1)(A), enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). For the reasons set forth below, respondent's motion to dismiss Andrews' petition as time-barred is granted.

### Background

On November 8, 1999, Andrews pled guilty to criminal sexual assault in the Circuit Court of Will County, and he was sentenced the same day to nine years in prison. His conviction was entered on a blind plea of guilty. Illinois Supreme Court Rule 605(b)(2) requires that to pursue a direct appeal from a guilty plea, a defendant must file a motion in the trial court to withdraw his plea within thirty days of the date on which sentence is imposed. Andrews filed a motion to vacate his plea, but not until July 1, 2002, nearly three years after he was sentenced. The trial

court denied this motion on July 5, 2002.

On February 20, 2001, Andrews filed in the state trial court a petition for a writ of habeas corpus pursuant to 735 ILCS 5/10-102. The petition was denied on June 8, 2001. Andrews did not appeal this dismissal. On June 11, 2001, Andrews filed a motion for relief from judgment in the state trial court. The trial court construed this as a petition for post-conviction relief and dismissed it on June 26, 2001. Andrews appealed, and the appellate court affirmed the dismissal on July 3, 2002, but vacated the trial court's order imposing court costs against Andrews. Andrews did not file a petition for leave to appeal this decision to the Illinois Supreme Court. As a result, the appellate court's decision became final on July 24, 2002, as Illinois law requires that a petition for leave to appeal must be filed within twenty-one days.

On January 9, 2003, Andrews filed a petition for mandamus relief in the Illinois Supreme Court, which the court denied on March 20, 2003. Then on May 6, 2003, he filed a motion before the Illinois Supreme Court for leave to file an original petition for a writ of habeas corpus in that court. The motion was denied on September 23, 2003. On September 29, 2003, Andrews filed the present federal habeas corpus petition.

## Discussion

AEDPA, established a one-year statute of limitations applicable to federal habeas corpus petitions filed under 28 U.S.C, §2254. The statute provides that:

> (1) A one-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of:
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;...
>
> (2) the time during which a properly filed application for State post-

conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & 2.

Under Illinois law, Andrews had thirty days from November 8, 1999, the date on which he was sentenced, to withdraw his guilty plea. He did not do so within that time period, and thus his conviction became final on December 8, 1999. Andrews filed the present habeas corpus petition just under four years later. Under § 2244(d)(2), the time after December 8, 1999 is tolled during periods in which he had a properly filed application for collateral relief pending in state court. *See Gendron v. United States*, 154 F.3d 672, 675 (7th Cir. 1998).

Andrews filed his first application for collateral relief in state court on February 20, 2001, over fourteen months after his conviction became final. This collateral attack was in the form of a petition for writ of habeas corpus pursuant to 735 ILCS 5/10-102, which the state trial court denied on June 8, 2001.[1] The fourteen month interval before the state habeas petition was filed would appear to bar Andrews' federal habeas petition. Andrews seems to argue, however, that the period of limitations should be tolled because the state withheld exculpatory DNA evidence from him and thus he had no plausible reason for withdrawing his guilty plea within the twenty-one day time period.

We first review the procedural history of Andrews' case to put in context his argument regarding why the statute should be considered tolled. Andrews was charged with two counts of

---

[1] Respondent claims that Andrews' petition for post-conviction relief filed on June 11, 2001 in the Circuit Court of Will County was petitioner's first application for collateral relief. Because both the state habeas and the post-conviction motion were filed over one year after Andrews' conviction became final, the Court need not address whether or not the state habeas constituted a collateral attack and assumes for purposes of discussion that it does.

3

aggravated criminal sexual assault and two parallel counts of criminal sexual assault. The information filed against him alleged that he had forcible vaginal and oral intercourse with Dorian Usher by threatening her with force. Police reports reflect that Usher told the police that she was approached and then followed by Andrews, who grabbed her from behind, put a sharp object against her throat, and forced her to continue walking until they reached a secluded area. Usher reported that Andrews then forced her to have oral and vaginal intercourse and that he had ejaculated inside her. He then allowed her to leave but followed her. She approached a building and reported to a security guard standing outside that she had been raped, to which Andrews stated, "Why [are] you telling them this?" The security guard called the Joliet police, and Andrews was arrested. After he was taken into custody, his penis was swabbed for possible evidence.

Andrews pled guilty to Count 3 of the information, which alleged that he had placed his penis in Usher's vagina by the threat of force. In his habeas corpus petition, Andrews asserts that he was innocent of this and the other charges. He contends that Usher willingly traded oral sex for drugs and denies that he had vaginal intercourse with her. He claims Usher falsely accused him of sexual assault in a panic after her boyfriend saw the two of them together. According to Andrews, he pled guilty because his lawyer advised him that if convicted at trial he was at risk of a sentence of as long as sixty years due to his prior criminal record.

Andrews alleges that at the time he pled guilty and was sentenced, the prosecution had not produced evidence from DNA testing of the penile swab and of evidence taken from Usher. Andrews says he did not receive this evidence until May 6, 2002, when he obtained it following a Illinois Freedom of Information Act request to the City of Joliet. The test reports, which

accompany Andrews' habeas corpus petition, reflect that spermatozoa were found on vaginal and rectal swabs taken from Usher and that the DNA profile from the material on the rectal swab was consistent with that of Andrews (evidently no DNA profile could be derived from the material on the vaginal swab). Another report reflects that no vaginal secretions were found on the penile swab; Andrews says this supports his assertion that he had only oral intercourse with Usher and thus is exculpatory. Andrews says that when he learned of the penile swab evidence, he moved to withdraw his guilty plea, and he contends that none of the time through that date should count against the one-year limitation in § 2244(d)(1).

Under AEDPA, the statute of limitations is equitably tolled in extraordinary circumstances beyond the petitioner's control that prevented him from filing his petition for writ of habeas corpus on time. *See, e.g., Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996). Andrews' allegation that the state withheld potentially exculpatory DNA evidence from him might suffice to toll the statute. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). The Court need not address this issue, however, because even if we disregard the time that passed until the dismissal of Andrews' post-conviction petition became final, more than a year passed before he filed his federal habeas petition.

Specifically, fourteen months passed from the date the dismissal of Andrews' post-conviction petition became final on July 24, 2002 until the date he filed the present petition. Under §2244(d)(2), the one-year statute of limitations is tolled only during the pendency of "properly filed application[s] for State post-conviction or other collateral review with respect to the pertinent judgment." If either Andrews' state mandamus petition filed on January 9, 2003, or his pleading captioned Motion by Petitioner for Leave to File a Petition for Writ of Habeas

5

Corpus filed on May 6, 2003 fall within the scope of this provision, then the present petition is not time-barred. Neither of these filings, however, satisfy §2244(d)(2)'s requirements. The former fails because it was not a petition for collateral review. The latter fails because it was not a "properly filed" petition for collateral review.

Andrews' state mandamus petition was not a collateral attack on his conviction. A collateral attack for the purposes of §2254 and §2255 is any motion or petition filed after the time for direct appeals has expired and which requests relief from a criminal conviction or sentence. *See Romandine v. United States*, 206 F.3d 731, 734-36 (7th Cir. 2000); *see also Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Regardless of what title or caption is placed on the pleading, if it amounts to an attack on the fact or duration of a prisoner's confinement, then it is properly considered a collateral attack. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also United States v. Evans*, 224 F.3d 670, 674 (7th Cir. 2000). Andrews' mandamus petition, though it asked the Illinois Supreme Court to order the state trial judge to rule on his habeas petition which itself fell under §2254, did not itself request any relief from Andrews' criminal conviction or sentence. In other words, the mandamus petition was not an attack on the fact or duration of his confinement. *See United States v. Campbell*, 294 F.3d 824, 827-28 (7th Cir. 2002), citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (holding that defendant's motion for disclosure of jury matters was not a collateral attack even though defendant planned on using the information to support his collateral attack.) Thus Andrews' mandamus petition did not toll §2244(d)(1)'s statute of limitations.

Andrews' May 6, 2003 motion for leave to file a habeas petition in the Illinois Supreme Court, though it amounted to a collateral attack on his conviction, does not satisfy the "properly

filed" requirement of §2244(d)(2). A properly filed application is "one submitted according to the state's procedural requirements." E.g., *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3rd Cir. 1998). The May 6, 2003 motion essentially rehashed the same arguments that Andrews had made in his post-conviction petition, whose dismissal had been affirmed on appeal nearly ten months earlier, on July 3, 2002. If Andrews wanted to further pursue these claims in the Illinois Supreme Court, the proper means to do so would have been by filing a petition for leave to appeal in the Illinois Supreme Court within twenty-one days of the Appellate Court's ruling, that is, by July 24, 2002. Were we to characterize the May 2003 motion for leave to file a habeas petition asserting these same claims as a "properly filed" collateral attack on his conviction for purposes of §2244(d)(2), we would essentially be allowing Andrews to circumvent Illinois' procedural requirements regarding appeals. For these reasons, the Court finds that this pleading was not a properly filed collateral attack and thus does not toll the one year statute of limitations.

Finally, the Court has considered the possibility (not squarely argued by Andrews) that the statute should be tolled due to his claimed actual innocence. A showing of actual innocence can provide a means by which a federal court may review a procedurally defaulted habeas corpus claim under the "fundamental miscarriage of justice exception." *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). This requires a showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *See Murray v. Carrier*, 477 U.S. 478, 496 (1986). At least one court has suggested that a claim of actual innocence provides an exception to AEDPA's statute of limitations set forth in §2244(d)(1)(A). See, e.g., *Wyzkowski v. Dep't of Corr.*, 226 F.3d 1213, 1217-19 (11th Cir. 2000); *but see David v. Hall*, 318 F.3d 343, 347 (1st Cir. 2003). But even if such an exception applied, it would not assist Andrews. As the

First Circuit pointed out in *David*, the law and fundamental fairness do not require "actual innocence" tolling for a prisoner who learns the basis for his claim of innocence before the statute runs but still fails to file a habeas claim within one year thereafter. Such is the case with Andrews. The Court has already excluded from its consideration all the time that ran before he was given the penile swab test results; yet he waited well over a year after that date to file the present petition. He has provided the Court with no basis to toll the statute for any part of the period after July 24, 2002.

## Conclusion

For the reasons stated above, respondent's motion to dismiss Andrews' petition for a writ of habeas corpus as time-barred [Docket #10] is granted.

MATTHEW F. KENNELLY
United States District Judge

Date: March 22, 2004